Warner, Chief Justice.
This case came before the Court below on an issue formed upon an affidavit of illegality to an execution. On the trial thereof the jury found a verdict in favor of the plaintiff. A motion was made for a new trial on the several grounds specified therein, which was overruled by the Court, and the defendant excepted.
On the 24th day of August, 1871, an execution was issued in favor of the plaintiff against-Dannelly, as principal, and. Sullivan, as security, for the sum of $559 47, principal, and $104 30, interest, up to the 1st of September, 1866, when the judgment was obtained. The execution was levied by the sheriff on the property of Sullivan, the security, on the 26th day of April, 1872. On the 29th day of April thereafter, Sullivan filed, an affidavit of illegality to the execution, because said execution has been settled, discharged and fully paid off by Francis Dannelly, and because deponent was security *on said execution and has been discharged from all liability upon the same by reason of said settlement being made without deponent’s knowledge or consent. There was no error in the ruling of the Court as to the affidavit of the payment of taxes, that question was not made by the defendant in his affidavit as a ground of illegality to the execution, and, therefore, was not made an issue in the case to be tried.
There was no error in ruling out the evidence as to the consideration of the note prior to the judgment as to whether it was given in renewal of another nóte, or for Confederate money; the'renewal of the note would not be material except as to the question of the payment of taxes on the debt, and that question was’ not put in issue by the defendant’s affidavit of illegality.
The issue on trial was whether the execution was illegal on: the’'grounds stated'in the defendant’s affidavit: The entry on *364 the fi. fa., that $63 10 had been paid, dated 3d December, 1870, but not signed by anybody, it appears by reference to the third ground of the motion for a new trial, was not tendered in evidence as testimony, but the plaintiff, when on the stand as a witness, explained it by saying it was the same money as that specified in the receipt, only that there was a mistake of $1 00 in the amount; there was no error in relation to that point in the case.
It appears from the evidence in the record, that some time in the year 1870, the plaintiff asked the defendant, Dannelly, at the church, what he was willing to pay on the judgment, (Sullivan not being present) defendant said he was-willing to pay $240 00, which plaintiff agreed to accept in satisfaction of the judgment, and the plaintiff states that he told the defendant, Dannelly, he did not mind giving him thirty days to pay the money. Some short time after this conversation, Dannelly sold a bale of cotton and went to the plaintiff’s house and paid him' $64 10, and took from the plaintiff the following receipt: “Received $64 10 upon the settlement on the judgment of M. Hugely vs. F. Dannelly. December 3d, 1870.” At the same time Dannelly gave plaintiff his due-bill for *the balance of the $240 00. A few days afterwards, Dannelly states that he went to the plaintiff’s house to have the judgment settled, plaintiff was not at home, left a few lines for him with plaintiff’s wife, asking him to have the judgment satisfied, or send him his note; the plaintiff did not do either, and the note remained in plaintiff’s possession.
Hugely and his wife both state that when the due-bill or note was written by Dannelly, plaintiff refused to take it in payment of the judgment, that Dannelly left it on the table, where Mrs. Hugely found it with other papers, and she put them all in the drawer.
It also appears in the record that Dannelly, at the time of this transaction, did not have any more property than was exempt from levy and sale, but that Sullivan was entirely solvent. The main question in the case was whether the fact of Dannelly’s leaving his due-bill with the plaintiff, and the same remaining in his possession under the circumstances as shown by the evidence, was a payment of the balance of the $240 00 which the plaintiff agreed to take in satisfaction of the judgment. The Court charged the jury that the only question made by the affidavit of illegality was whether or not the fi. fa. had been paid off or settled, but did not submit to the jury as to whether the security was discharged other than by the payment or settlement of the judgment, and this is assigned as error.
The defendant’s counsel requested the Court to charge the jury, “That if the plaintiff, at any time after making the note or due-bill, accepted it 51s payment, the judgment was satisfied;” which request the Court refused, and this is assigned as error.
There was no error in the charge of the Court to the jury in view of the facts of this case. There was a proposition made by-the principal debtor on the judgment to pay less than one-half *365 of it in satisfaction thereof, to which proposition the plaintiff assented, provided he would do so within thirty days; this proposition by the principal debtor in the judgment, and the assent of the plaintiff thereto, without more, did not injure *the surety, or increase his risk, or expose him to any greater liability. There was no agreement not to enforce the judgment against the principal for a consideration, or to indulge him at all, but tire proposition assented to by the plaintiff was, if you, the principal defendant, will pay $240 00, less than one-half of the judgment, within thirty days, I will take it in full satisfaction of the judgment, and the question was, whether such payment had in fact been made; there was no other question in the case. Had the judgment been satisfied by the payment of the money under the proposed settlement of it?
The second ground in the affidavit of illegality is based on the fact that there had been such a settlement of the judgment by the principal debtor, and hence the whole question turned upon the fact whether the proposed settlement of the judgment had been made. There is no evidence in the record that the plaintiff, at any time after the making of the note or due bill, accepted it as payment, or agreed to do so, and it would have been very strange conduct on his part under the facts, if he had done so. There was no error in the refusal of the Court to charge as requested upon this point in the case. This is a very adroit attempt to pay off the balance of the $240 00 with the defendant’s insolvent note or due-bill. If it had been intended to have been a payment in full, why did not the receipt taken at the time specify that the full amount of the $240 00 had been paid instead of the $64 10 paid in cash?
The verdict of the jury was right under the law and the evidence contained in the record, and we will not disturb it.
Let the judgment of the Court below be affirmed. .